**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

LAWRENCE D. KORN,

        Plaintiff,

v.                                     Case No. 04-CV-70821-DT

THE PAUL REVERE LIFE INSURANCE
COMPANY,

        Defendant.
_____/

### ORDER DENYING PLAINTIFF'S "MOTION FOR RECONSIDERATION"

Pending before the court is Plaintiff's "Motion for Reconsideration," filed March 8, 2005. Plaintiff asks the court to reconsider its February 28, 2005 order granting Defendant's "Motion to Dismiss Under Statute of Limitations." The court has determined that no hearing is required. E.D. Mich. LR 7.1(e)(1). For the reasons stated below, the court will deny Plaintiff's motion.

### I. BACKGROUND

Plaintiff Korn entered into a disability insurance contract (Policy No. 2339562) with Defendant The Paul Revere Life Insurance Company on July 1, 1988. (Pl.'s Compl. at ¶ 5.) Pursuant to his disability insurance policy, Korn was to receive disability benefits of $20,000.00 per month plus cost of living increases should he become disabled from the practice of law. (*Id.* at ¶ 7.)

Plaintiff filed a Complaint in this matter on May 9, 2003 but on June 30, 2003, agreed to a voluntary dismissal of his claim. (Pl.'s Aff. at ¶ 13.) Plaintiff filed suit again on February 12, 2004, bringing a claim against Defendant for breach of contract, and

seeking declaratory action and specific performance of the insurance contract at issue. (Pl.'s Compl. at ¶¶ 14-28.)  Plaintiff asserted that benefits were to be paid monthly and continue until Plaintiff's death, so long as he remained disabled.  (*Id.* at ¶ 11.)  Plaintiff asserted that he became totally disabled from the practice of law due to a variety of documented psychological conditions (*Id.* at ¶ 7) and that "he filed a claim for benefits on October 14, 2000, supported by a [p]hysician's statement advising that [he] had left the practice of law on or about May 1, 2000, because of total disability."  (Pl.'s Resp. at 2.)  Plaintiff claims that since he "became totally disabled from his attorney practice," he "has been continuously treated by accredited psychiatrists" and "[e]ach of Plaintiff's treating physicians have found [Plaintiff] unable to practice as an attorney due to his illnesses."  (Pl.'s Compl. at ¶ 7.)  Plaintiff also asserted that he "timely notified Defendant of [his] disability and provided Defendant with all required proofs of loss pursuant to the policy['s] terms and conditions." (*Id.* at ¶ 8.)  Plaintiff further avers that "Paul Revere breached its obligations under the policy by wrongfully and without justification failing to pay Korn $20,000 per month beginning September 2000."  (*Id.* at ¶ 16.)

On November 15, 2004, Defendant filed its "Motion to Dismiss Under Statute of Limitations." This court, in ruling on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), construed the complaint in a light most favorable to the plaintiff, accepted all the factual allegations as true, and determined that plaintiff could prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

2

The court accepted Defendant's argument that "because Plaintiff did not commence the present action until February 12, 2004, or five months after the limitation period expired, Plaintiff's Complaint is untimely and it must be dismissed."  (Def.'s Mot. at 2.) The court agreed that "the policy [at issue] contains its own limitations period for legal actions, providing that an action cannot be brought 'after 3 years from the date written proof of loss is required' under the policy.  Written proof of loss is required within 90 days of when an insured claims to be disabled." (*Id.*)

The insurance policy states in relevant part:

9.4 WRITTEN PROOF OF LOSS

Written proof of loss must be sent to us within 90 days after the end of a period for which you are claiming benefits.  If that is not reasonably possible, your claim will not be affected, but, unless you are legally incapacitated, written proof must be given within one year.

10.4 LEGAL ACTION

You cannot bring legal action within 60 days from the date written proof of loss is given. You cannot bring it after 3 years from the date written proof of loss is required.

(Def.'s Mot. at Ex. A, pp. 16-17.)

At the hearing held in this matter, both parties agreed that the case turns on whether the period for filing proof of loss arose within 90 days of Plaintiff's disability or will not arise until Plaintiff's disability ends or Plaintiff's death.  Defendant argued that "Plaintiff's assertion that he is not required to submit proof of loss until after his entire period of disability ends . . . is contrary to both the Paul Revere Policy and his own Complaint."  (Def.'s Reply Br. at 1.)  Defendant asserted that:

[t]he Paul Revere [p]olicy unambiguously requires that written proof of loss be submitted as a condition **precedent** to getting benefits, and proof of

3

loss must be submitted within 90 days of each 30 day period for which benefits are claimed. It says '[w]ritten proof of loss must be send to us within 90 days after **a** period for which you are claiming benefits,' and '**[a]fter** we receive satisfactory written proof of loss, . . . we will pay at the end of each 30 days any benefits due that are payable periodically - subject to **continued** proof of loss.' . . . Thus, an insured must provide proof of loss **before** initially receiving benefits, and must provide continuing proof of loss within 90 days of each subsequent 30 day period for which benefits are sought. These unambiguous requirements preclude Plaintiff's argument that proof of loss is not required until after an insured's disability ends.

(*Id.*) (emphasis supplied.)

In his Response to Defendant's motion, Plaintiff asserted that "written proof of loss is not required to be given to Defendant Paul Revere until 90 days after the period for which disability benefits are being claimed. Because Plaintiff contends that his disability is permanent and continuing, this period has not ended, and the contractual limitation period has no application in these circumstances." (Pl.'s Resp. at 3.)

This court relied upon *Selesny v. U.S. Life Ins. Co.*, 2003 WL 1861028 (Mich Ct. App. April 8, 2003), an unpublished case issued by the Michigan Court of Appeals, which considered policy language almost identical to that in the instant case. In *Selesny*, the policy at issue read as follows:

Written proof of loss for benefits must be given within 90 days after the termination of a period for which United States Life is liable. For all other losses, written proof of loss must be given within 90 days after the date of loss. If it is not reasonably possible to give written proof in the time required, United States Life will not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. In any event, the proof required must be given no later than 1 year from the time specified unless the insured person lacked legal capacity.

*Id.* at *1.

The plaintiff in *Selesny* filed a complaint alleging the following:

4

> While licensed to practice law in Michigan, [plaintiff] purchased two
> disability insurance policies from [United States Life ("U.S. Life")] using the
> Paul Goebel Group ("Goebel") as an agent. [Plaintiff] accidentally fell from
> the roof of his home on July 25, 1993, and suffered several injuries that
> confined him to a wheelchair. . . . The injuries and illnesses resulting from
> the fall became so severe that he 'became totally disabled from the
> practice of law in July 1998.

*Id.*

The plaintiff in *Selesny* asserted that "[he] ha[d a] continuing disability and thus,
there ha[d] been no termination of a period for which U.S. Life is liable." *Id.*

The Michigan Court of Appeals held that "under 'a fair reading of the entire
contract of insurance,' the above provisions, 'however unartfully worded or clumsily
arranged, fairly admit of but one interpretation.'" *Id.* at *5. "Indeed, the provisions, read
together, make clear that an insured must submit a proof of loss within ninety days after
a monthly period for which U.S. Life is liable." *Id.* The court rejected the plaintiff's
contention that the "'period for which United States Life is liable under the 'Proof of
Loss' provision is the entire period of disability.'" *Id.*

The *Selesny* court went on to state that:

> to accept plaintiff's interpretation--that an insured seeking monthly benefits
> payments need not submit a proof of loss until ninety days after the
> complete elimination of the disability--would essentially render nugatory
> the provision stating that '[p]ayment for losses that are paid periodically
> will be made each month subject to due written proof of loss.' As noted in
> *Associated Truck Lines, Inc v. Baer*, 346 Mich. 106, 110; 77 NW. 2d 384
> (1956), courts should, if possible, give meaning to every word in a
> contract. The contractual provisions as a whole make clear that a proof of
> loss is to be submitted within ninety days after the month for which
> periodic benefits are sought.

*Id.* at *6.

Other courts, this court noted, have affirmed dismissal of a plaintiff's complaint
based upon the limitation period stated within a contract. *Tom Thomas Organization,*

5

*Inc. v. Reliance Ins. Co.,* 242 N.W.2d 396 (Mich. 1976)*; Gibson v. Life Ins. Co. of North America,* 529 F. Supp. 224 (E.D. Mich. 1981)*; Robertson v. Metropolitan Life Ins. Co.,* 682 F. Supp. 907, 909 (E.D. Mich. 1988); *Wilkins v. Hartford Life and Acc. Ins. Co.*, 299 F.3d 945 (8th Cir. 2002).

In his complaint, Plaintiff alleged that "Paul Revere breached its obligations under the policy by wrongfully and without justification failing to pay Korn $20,000 per month *beginning September 2000.*"  (Pl.'s Compl. at ¶ 16) (emphasis added).  Based on that, the court found that Plaintiff's proof of loss was required to have been submitted not later than December 2000 (90 days from the end of the first 30 day period for which benefits are sought).  Plaintiff argued unavailingly that it would make "no sense" to require regular submissions of proof of loss to the insurer, but the court found nothing unusual at all.  The court noted that any insurance company would have a "strong interest" in confirming that the allegedly disabled party to whom it is paying benefits is truly, and continuingly, disabled.  This, the court now adds, seems especially true where the disability claimed is not objectively manifested in a permanent way nor easily observable by others, such as the permanent loss of a major physical function.

Indeed, the court found that the stranger result would be if  Plaintiff would not have to submit any proof of his loss until his purported disability had completely abated or after he died.  Moreover, the court noted that to accept that an insured not submit proof of loss until 90 days after the end of his disability or his death (whichever occurred first) is inconsistent with Plaintiff's assertion that he has "provided Paul Revere with all required proofs of loss pursuant to the policy terms and conditions."  (Pl.'s Compl. at ¶

6

8.)

The court found that Plaintiff had three years to sue Defendant (i.e., until December 2003) under the terms of the agreement, whether the agreement was governed by ERISA or Michigan contract law.  Because Plaintiff did not bring his suit until February 2004, his claim was time-barred.

## II.  STANDARD

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.  *Mktg. Displays, Inc. v. Traffix Devices, Inc.,* 971 F. Supp. 262, 278 (E.D. Mich 1997) (citing Webster's New World Dictionary 974 (3d ed. 1988).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).  Under the local rules, "[a] motion for reconsideration must be filed within 10 days after entry of the judgment or order."  E.D. Mich. LR 7.1(g)(1).

## III.  DISCUSSION

Plaintiff argues that a palpable defect occurred principally because the court relied upon a case from the Michigan Court of Appeals that was unpublished, and did not "consider or discuss" decisions from other jurisdictions that have interpreted

7

"termination of the period of disability" differently than has Michigan.  (Pl.'s Mot. for

Reconsideration at ¶ 8.)  The court is not persuaded that a palpable defect has

occurred.

It is true that unpublished opinions of the Michigan Court of Appeals have no

*precedential* value.  MCR 7.215(C)(1) ("An unpublished opinion is not precedentially

binding under the rule of stare decisis.").  Nonetheless, a Michigan court is entitled to

conclude that the reasoning of an unpublished decision is persuasive.  *Steele v. Dep't of*

*Corrections,* 546 N.W.2d 725, 728 n 2 (Mich. Ct. App. 1996) ("The trial court clearly

recognized that [the unpublished case] has no precedential value and that it was not

required to follow [it].  Nevertheless . . . a court is free to find the reasoning of an

unpublished case persuasive."); *Jackhill Oil Co. v. Powell Production, Inc.,* 532 N.W.2d

866, 868 (Mich. Ct. App. 1995).

This court plainly determined that the reasoning of *Selesny v. U.S. Life Ins. Co.*,

though unpublished, was "persuasive."  Its predicates were, in fact, so close to the

instant case as to convince this court that an identical analysis should be applied and

that such analysis was determinative.

Plaintiff's argument in other respects fails in that it simply recasts earlier

arguments that have already been presented and ruled upon by the court.  Plaintiff

argues that the policy terms were "at best ambiguous," and that the policy did not

comply with Michigan proof of loss requirements. Indeed, Plaintiff's brief in support of

the motion for rehearing in fact points out that "the litany of cases [cited in that brief]

were fully discussed in Plaintiff's Response to Defendant's Motion." (Pl.'s Mot. Br. at 7.)

Plaintiff has not raised any palpable defect by which the court and parties have

8

been misled.  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski,* 967 F.Supp. at 952 (E.D. Mich. 1997). Accordingly,

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Reconsideration" [Dkt. #20] is DENIED.


 S/Robert H. Cleland                                       
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  November 4, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 4, 2005, by electronic and/or ordinary mail.


 S/Lisa Wagner                                        
Case Manager and Deputy Clerk
(313) 234-5522