# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LARRY KORN,

      Plaintiff,

v.                                            Case No. 04-CV-70821-DT

PAUL REVERE LIFE INSURANCE COMPANY,

      Defendant.
                                        /

## OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO DETERMINE APPLICATION OF ERISA" AND DENYING AS MOOT "PLAINTIFF'S MOTION TO COMPEL"

Pending before the court is "Defendant Paul Revere Life Insurance Company's Motion to Determine Application of ERISA" and Plaintiff Larry Korn's "Motion to Compel Responses to Requests for Production of Documents, Requests for Admissions and Other Discovery Requests." This motion has been fully briefed and the court heard oral argument on February 6, 2008. For the reasons stated below, the court will deny Defendant's motion and deny as moot Plaintiff's motion.

## I. BACKGROUND

Plaintiff, an attorney, is the sole member of his law firm Lawrence D. Korn, P.C. ("Korn, P.C.") and non-party attorney Kenneth A. Stern is the sole member of his law firm Kenneth A. Stern, P.C. ("Stern, P.C."). (Partnership Agreement at 14-15, Pl.'s Supp. Ex. B.) Korn, P.C. and Stern, P.C. formalized their relationship in 1992 by

entering into a partnership agreement whereby the two professional corporations became partners in the partnership Stern & Associates.  (*Id.* at 1.)[1]

In 1988, Plaintiff obtained a disability insurance policy (the "Policy") from Defendant.  Pursuant to his disability insurance policy, Plaintiff was to receive disability benefits of $20,000.000 per month plus cost of living increases should he become disabled.  Plaintiff asserts that he became totally disabled from his attorney practice due to a variety of documented psychological conditions and notified Defendant of his disability.  Plaintiff initiated this action claiming that Defendant wrongfully denied him benefits under the Policy.  The threshold issue before the court is whether the Policy is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq ("ERISA").

## II.  DISCUSSION

In *Yates v. Hendon*, 541 U.S. 1 (2004), the Supreme Court resolved a division of opinion among the circuit courts regarding if, and when, a working owner qualifies as an ERISA employee or participant.  The *Yates* Court held that a working owner can qualify as a participant in an ERISA pension plan, but only if that plan "covers one or more

---

[1]There has been some disagreement and confusion regarding the exact relationship between Plaintiff, Korn, P.C. and Stern & Associates.  After the February 6, 2008 hearing, the court ordered the parties to "supplement the record with documentary evidence in existence prior to the court's January 6, 2008 [sic] hearing identifying any partnership agreement or understanding between Plaintiff or Korn, P.C. and Mr. Stern or Stern & Associates, or file a memorand[um] indicating that no such documentary evidence exists."  (2/8/08 Order at 1-2.)  In accordance with the court's order, Plaintiff submitted a certificate of partnership and partnership agreement, (*see* Pl.'s Supp. Exs.) and Defendant responded by stating that it has no additional evidence, (Def.'s Supp. Resp.).

employees other than the business owner and his or her spouse." *Id.* at 6. Conversely, "[p]lans that cover only sole owners or partners and their spouses . . . fall outside Title I's domain." *Id.* at 21. In so ruling, the *Yates* Court relied on 29 C.F.R. § 2510.3-3. *Id.* Section 2510.3-3 "clarifies the definition . . . of the term 'employee benefit plan' for purposes of title I of [ERISA]." 29 C.F.R. § 2510.3-3(a). This section specifically instructs that

> the term "employee benefit plan" shall not include any plan, fund or program, other than an apprenticeship or other training program, under which no employees are participants covered under the plan, as defined in paragraph (d) of this section. For example, a so-called "Keogh" or "H.R. 10" plan under which only partners or only a sole proprietor are participants covered under the plan will not be covered under title I. However, a Keogh plan under which one or more common law employees, in addition to the self-employed individuals, are participants covered under the plan, will be covered under title I.

29 C.F.R. § 2510.3-3(b). The regulation further states that, "[f]or the purposes of this section . . . . (2) A partner in a partnership and his or her spouse shall not be deemed to be employees with respect to the partnership." 29 C.F.R. § 2510.3-3(c). "Thus, '[a] plan covering only the partners of a law firm is not an ERISA plan because the partners are not employees; if a plan covers no employees, then ERISA is inapplicable.'" *Hayes v. Lacy & Jones*, No. 07-10377, 2007 WL 781879 at *1 (E.D. Mich. Mar. 13, 2007) (quoting *Baron v. Baron & Budd*, P.C., No. 06-1417-G, 2006 WL 3203269 at *6 (W.D. Mich. Nov. 6, 2006)).

In its briefs,[2] Defendant argues that *Yates* and § 2510.3-3 are inapplicable because they deal with sole business owners only. (Def.'s Reply at 3.) The court rejects this contention for two reasons. First, although the particular plaintiff in *Yates* was a sole business owner, the *Yates* Court did not restrict its holding to sole business owners. *See Yates*, 541 U.S. at 21 ("Plans that cover only sole owners *or partners* and their spouses . . . fall outside Title I's domain.") (emphasis added). Second, while it is true that 29 C.F.R. § 2510.3-3(c)(1) governs businesses owned by one individual only, 29 C.F.R. § 2510.3-3(c)(2) specifically addresses partnerships by stating that "[a] partner in a partnership . . . shall not be deemed to be [an] employee[] with respect to the partnership."

Therefore, *Yates* and § 2510.3-3 govern the court's analysis and, unless other non-owner employees of Korn, P.C. or Stern & Associates were covered under the Policy, the Policy is not governed by ERISA. Defendant notes that both Plaintiff and Marsha Kozlowski, Plaintiff's insurance agent, stated that the Policy "was part of a group of insurance policies that were all related to the business in which Mr. Korn and Mr. Stern were jointly engaged," which included "life, disability and key man buyout" policies from Paul Revere. (Def.'s Reply at 1 (quoting Kozlowski Aff. ¶ 3, Def.'s Reply Ex. 2); Def.'s Mot. at 1-2 (quoting Korn Dep. at 9-10, Def.'s Mot. Ex. 3).) Defendant has not, however, provided any proof that non-owner employees of Stern & Associates were covered under the Policy. It is insufficient to state that Stern & Associates purchased a

---

[2]During the hearing, counsel for Defendant admitted that *Yates* and § 2510.3-3 would apply to the Policy if the court determines that Plaintiff was a true partner in Stern & Associates.

set of insurance policies for its owners and employees because "[i]f plans are separate but similar as between partners and employees, the partners' plan is not an ERISA plan." *Hayes*, 2007 WL 781879 at *1 (citing *Robertson v. Alexander Grant & Co.*, 798 F.2d 868, 871 (5th Cir. 1986). Furthermore, counsel for Defendant admitted at the hearing that the Policy was an individual policy covering Plaintiff only. Therefore, Defendant failed to meet its burden of proof regarding ERISA applicability.

Because the court has determined that the Policy is not governed by ERISA, the court need not consider additional materials Plaintiff has requested from Defendant, which purportedly support Plaintiff's position that the Policy is not an ERISA policy.[3] Accordingly, Plaintiff's motion to compel is moot.

### III.  CONCLUSION

IT IS ORDERED that "Defendant Paul Revere Life Insurance Company's Motion to Determine Application of ERISA" [Dkt. # 32] is DENIED. ERISA is inapplicable and the parties' dispute will be governed by contract law.

IT IS FURTHER ORDERED that "Plaintiff's Motion to Compel Responses to Requests for Production of Documents, Requests for Admissions and Other Discovery Requests" [Dkt. # 33] is DENIED AS MOOT.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  February 26, 2008

---

[3] Counsel for Plaintiff admitted at the hearing that Plaintiff's motion to compel would be moot if the court determined that ERISA was inapplicable.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 26, 2008, by electronic and/or ordinary mail.

                                          <u>s/Lisa G. Wagner</u>
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522