UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE D. KORN

    Plaintiff,

vs.

THE PAUL REVERE LIFE
INSURANCE COMPANY,
a Massachusetts corporation.

    Defendant.

Case No. 04-70821

Hon. Robert H. Cleland

---

| PATRICK J. BRUETSCH (P28050) | K. SCOTT HAMILTON (P44095) |
| DAVID M. DAVIS (P24006) | DICKINSON WRIGHT PLLC |
| BRUETSCH & ASSOCIATES | 500 Woodward Avenue, Suite 4000 |
| Co-Counsel for Plaintiff | Detroit, MI 48226 |
| 401 S. Old Woodward, Suite 400 | (313) 223-3500 |
| Birmingham, MI 48009 | |
| (248) 646-1114 | |

---

## STIPULATED PROTECTIVE ORDER

WHEREAS, in the course of discovery in the above captioned civil action, it may be or has been necessary for the parties to disclose medical information and other confidential business information concerning certain claim files and claims,

IT IS HEREBY ORDERED that this Protective Order pursuant to Fed. R. Civ. Pro. 26(c) be entered.

    1.    Where applicable, this Order shall govern all depositions, documents produced in response to request for production of certain documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at deposition or trial and other materials which the disclosing party (who may be a party to this case or non-party recipient of a subpoena or deposition

notice) property designates as "CONFIDENTIAL" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action. Materials to which this Order applies, as well as all copies, excerpts or summaries therefrom and all information derived therefrom, are referred to herein as CONFIDENTIAL materials.

2. Information produced or discovered in this litigation that is properly designated CONFIDENTIAL under the strict terms of this Order, shall be used solely for the prosecution or defense of this litigation, unless that information has become publicly available without a breach of the terms of this Order.

3. In designating materials as "CONFIDENTIAL," a party shall make such a designation only as to the portions of protected materials which that party in good faith believes contain confidential information which could cause harm if disclosed to the other party or to the general public. This shall not preclude a party from seeking a protective order as to the other categories of information pursuant to Fed. R. Civ. P. 26 or from seeking the production of documents pursuant to an Order of this Court.

4. CONFIDENTIAL materials may be disclosed only to the following persons:

    a. any counsel working on this action on behalf of any party, including in-house counsel, and all legal assistants, secretarial, stenographic and clerical employees working under the direct supervision of such counsel;

    b. any party or management employee or agent of a party;

    c. any person not employed by a party, competitor or customer of a party, who may be designated as an expert (as well as the support and clerical staff of the expert) and has been expressly retained by any counsel described in paragraph 4(a) to assist in preparation of this action

for trial or for testimony at trial or during the course of these proceedings, with disclosure only to the extent necessary to perform such work;

   d. any person who authored the CONFIDENTIAL materials, or who produced the CONFIDENTIAL materials in discovery;

   e. any counsel representing non-parties to this case, but having standing to protect interests affected by this case and all legal assistants, secretarial, stenographic and clerical employees working under the direct supervision of such counsel; and

   f. the Court.

  5. The persons described in paragraph 4(c) herein shall not have access to CONFIDENTIAL materials as permitted in that paragraph until they have certified that they have read this Order and have manifested their assent to be bound thereby by signing a copy of the attached "ACKNOWLEDGMENT REGARDING 'CONFIDENTIAL' MATERIALS." Each such executed Acknowledgment shall be provided to any party upon request.

  6. Each individual who receives any CONFIDENTIAL materials hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with or violation of this Order.

  7. The recipient of any CONFIDENTIAL materials that is provided under this Order shall maintain such materials in a secure and safe area and shall use its best efforts to maintain the confidentiality of such materials.

  8. Parties shall designate CONFIDENTIAL materials as follows:

   a. In the case of documents, interrogatory answers and responses to requests for admissions, designation shall be made by placing the legend "CONFIDENTIAL", as appropriate,

on any such portion of their document, as may contain the information described in paragraph 3. A party may designate an entire document as "CONFIDENTIAL", by placing that designation on the cover or first page of that document only if the party accepts responsibility for asserting that the entire document contains information as set forth in paragraph 3.

      b.     In the case of depositions, designations of such portions of those transcripts (including exhibits) which contain CONFIDENTIAL materials shall be made by a statement to such effect on the record during the course of the deposition by counsel for the party which finished CONFIDENTIAL materials to which the deponent has had access, or by counsel for the deponent, or in writing, within ten (10) days of receipt of the transcript of the deposition, stating what portions of the transcript are deemed CONFIDENTIAL. The transcript shall remain confidential during such ten (10) days period.

      c.     During discovery, a party furnishing documents and things to another party shall have the option to require that all documents or batches of documents and things be treated as CONFIDENTIAL during inspection and to make its designations of particular documents and things pursuant to paragraph (a) of this section at the time copies of documents and things are produced or finished, if the documents contain information in paragraph 3.

9.     Nothing contained in this Order shall affect the right of any party to make any objection, claim privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure. Nothing in this Order shall constitute an admission or waiver of any claim or defense by any party.

10.     Nothing in this Order shall preclude any party to the lawsuit or its counsel: (a) from

showing a document designated as CONFIDENTIAL to an individual who either prepared or reviewed the document prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which that party itself has designed as CONFIDENTIAL.

11. In the event that any party to this litigation disagrees with the propriety of a CONFIDENTIAL designation, such party shall provide to the producing party within thirty (30) days after such designation, written notice of its disagreement. The parties shall first try to resolve such a dispute in good faith. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of proving the material has been properly designated as CONFIDENTIAL is on the party making such designation. Until a resolution of the dispute is achieved either through consent or order, all parties shall treat the designated document as CONFIDENTIAL.

12. Within ninety (90) days after the termination of litigation between the parties, all CONFIDENTIAL materials, and all copies thereof shall, upon request, be returned to the party which produced it (provided that the requesting party bears the cost of returning the documents), or otherwise it shall be destroyed and a certificate of destruction shall be provided to the party which produced it upon request.

SO ORDERED.

  S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 13, 2008, by electronic and/or ordinary mail.

          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

Stipulated as to Form and Substance:

BRUETSCH & ASSOCIATES

/s/ Patrick J. Bruetsch
PATRICK J. BRUETSCH (P28050)
Attorney for Plaintiff
401 S. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 646-1114
Pbruetsch@aol.com


DICKINSON WRIGHT PLLC

/s/ K. Scott Hamilton *w/consent*
K. SCOTT HAMILTON (P44095)
Attorney for Defendant
500 Woodward Ave., Ste. 4000
Detroit, MI 48226
(313) 223-3500
Khamilton@dickinson-wright.com

KORN - Stipulated Mutual Protective Order (00208636).wpd

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE D. KORN

    Plaintiff,

vs.

THE PAUL REVERE LIFE
INSURANCE COMPANY,
a Massachusetts corporation.

    Defendant.

Case No. 04-70821

Hon. Robert H. Cleland

---

| | |
|---|---|
| PATRICK J. BRUETSCH (P28050) | K. SCOTT HAMILTON (P44095) |
| DAVID M. DAVIS (P24006) | DICKINSON WRIGHT PLLC |
| BRUETSCH & ASSOCIATES | 500 Woodward Avenue, Suite 4000 |
| Co-Counsel for Plaintiff | Detroit, MI 48226 |
| 401 S. Old Woodward, Suite 400 | (313) 223-3500 |
| Birmingham, MI 48009 | |
| (248) 646-1114 | |

---

## **ACKNOWLEDGMENT REGARDING "CONFIDENTIAL: MATERIALS**

I, _____, have read and understand the Protective Order entered by the Court in this case and agree to be bound by the provision of that Order. I agree to subject myself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Order.

Name:_____

Signature:_____

Dated:_____